VENABLE LLP
Daniel Hoffer (SBN 173812)
  dphoffer@venable.com
Robert H. Pepple (SBN 295426)
  rhpepple@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

Attorneys for Defendants
SOCKET PAYMENT SERVICES, LLC,
MATT WENZLER, SHARYN RINALDI,
and SCOTT GURFEIN

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**04/18/2016** at 12:42:00 PM
Clerk of the Superior Court
By Jacqueline J. Walters, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| CANDLE HORTON, individually, and on behalf of herself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOCKET PAYMENT SERVICES, a New Jersey limited liability company; MATT WENZLER, an individual; SHARYN RINALDI, an individual; SCOTT GURFEIN, an individual and DOES 1 through 50 inclusive,<br><br>Defendants. | Case No. 37-2016-00004529-CU-OE-CTL<br><br>Judge: Hon. Eddie C. Sturgeon<br>Department: 67<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED UNVERIFIED COMPLAINT**<br><br>Action Filed:   February 5, 2016<br>FAC:            March 17, 2016<br>Trial Date:     Not set |

---

1

ANSWER TO FIRST AMENDED UNVERIFIED COMPLAINT

10942347-v3

Exhibit E

179

Defendants Socket Payment Services, LLC, Matt Wenzler, Sharyn Rinaldi, and Scott Gurfein (collectively, "Defendants") hereby answer Candle Horton's ("Plaintiff") first amended unverified complaint ("Complaint") as follows:

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure § 431.30(d), Defendants deny, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint, and without limiting the generality of the foregoing, deny, generally and specifically, that Plaintiff, or any putative class member or putatively represented employee has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

## SEPARATE DEFENSES

In further answer to Plaintiff's Complaint, and as separate and distinct defenses, Defendants allege the following defenses. In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

Defendants do not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendants reserve the right to amend this Answer should Defendants later discover facts demonstrating the existence of additional defenses.

## FIRST DEFENSE

(Failure to State a Cause of Action)

1) Neither the Complaint nor any purported cause of action therein alleges facts sufficient to constitute claims upon which relief can be granted against Defendants.

## SECOND DEFENSE

(Statute of Limitations)

2) Plaintiff's Complaint, and each claim contained therein, is barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to, California Code of Civil Procedure §§ 337, 338, 339, 340, 2699, California Government Code §§ 12960 and 12965, and California Business and Professions Code § 17208.

### THIRD DEFENSE
(No Individual Liability)

3) Neither the Complaint nor any purported cause of action asserted therein alleges facts sufficient to state claims against Defendants Matt Wenzler, Sharyn Rinaldi, and Scott Gurfein in their individual capacities.

### FOURTH DEFENSE
(Only an Employer Liable for Wages)

4) Defendants Socket Payment Services, LLC, Matt Wenzler, Sharyn Rinaldi, and Scott Gurfein were not Plaintiff's employers under California law and, therefore, had no duty to reimburse Plaintiff for necessary business expenses or any other obligations arising from claimed violations of the California Labor Code.

### FIFTH DEFENSE
(Estoppel)

5) Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

### SIXTH DEFENSE
(Waiver)

6) Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### SEVENTH DEFENSE
(Laches)

7) Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing substantial prejudice to Defendants and, thus, Plaintiff's claims are barred by the equitable doctrine of laches.

### EIGHTH DEFENSE
(Unclean Hands)

8) Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**NINTH DEFENSE**

(Failure to Mitigate Damages)

9) If Plaintiff has suffered any damage as a result of the facts alleged in the Complaint, which the Defendants deny, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to their failure to make reasonable efforts to mitigate or minimize the damages incurred.

**TENTH DEFENSE**

(Constitutionality)

10) The penalties and/or damages claimed by Plaintiff in this case are excessive and, thus, violate the state and federal Constitutions.

**ELEVENTH DEFENSE**

(Equitable Set Off)

11) To the extent that a court holds that Plaintiff is entitled to damages or penalties, the Defendants are entitled as a matter of equity to a set off for reimbursements and wages provided Plaintiff, which Plaintiff was not entitled to under the law, and to the extent Plaintiff was paid wages, received reimbursements, or any other consideration which she was not entitled to under the law.

**TWELFTH DEFENSE**

(No Attorneys' Fees)

12) The Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

**THIRTEENTH DEFENSE**

(Failure to Follow Employer Instructions)

13) To the extent Plaintiff was not reimbursed for business expenses (or suffered any other alleged wrong) as a result of a willful failure to follow her employer's directions, she may not recover any pay as a result of such failure.

### FOURTEENTH DEFENSE

(Fault of Plaintiff or Others)

14) Plaintiff's alleged injuries and damages, if any, were caused solely by the acts, wrongs, or omissions of Plaintiff or by other persons, entities, preexisting conditions, forces, and/or things over which Defendants had no control and for which Defendants are not responsible.

### FIFTEENTH DEFENSE

(Release)

15) The Complaint is barred pursuant to an accord and satisfaction and/or is barred to the extent that Plaintiff or any class member or representative action member has entered into or is otherwise bound by compromise, settlement, or release agreements regarding those claims.

### SIXTEENTH DEFENSE

(Penalties)

16) The Complaint fails to allege facts sufficient to establish a claim for penalties under the California Labor Code, including, but not limited to, Section 2699, *et seq.*

### SEVENTEENTH DEFENSE

(Failure to Exhaust Administrative Remedies)

17) Plaintiff's Third Cause of Action is barred because Plaintiff failed to adequately exhaust her administrative remedies.

### EIGHTEENTH DEFENSE

(Adequate Legal Remedy)

18) Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing to obtain injunctive relief in a labor dispute under California Labor Code §§ 1138.1, *et seq.*

### NINETEENTH DEFENSE

(No Injury)

19) Plaintiff's claim for penalties pursuant to California Labor Code § 2699 fails because she has not suffered injury as a result of any challenged statutory violation.

### TWENTIETH DEFENSE

(Ratification)

20) The Complaint, and each cause of action alleged therein, is barred on the ground that Plaintiff ratified Defendants' alleged actions.

### TWENTY-SECOND DEFENSE

(*De Minimis*)

21) Even if Plaintiff had suffered damage in the form of non-reimbursed business expenses, such damage is *de minimis* and, therefore, is not compensable as a matter of law.

### TWENTY- SECOND DEFENSE

(No Knowledge of Failure to Reimburse)

22) Defendants had no knowledge of, nor should they have had knowledge of, any alleged failure to reimburse Plaintiff for business expenses, and did not authorize, require, request, suffer, or permit such activity.

### TWENTY- THIRD DEFENSE

(Outside the Scope of Authority)

23) If any manager or supervisor authorized, required, requested, suffered, or permitted a failure to reimburse Plaintiff or any putative class member (which Defendants deny), such supervisor or manager acted outside the scope of his or her employment.

### TWENTY- FOURTH DEFENSE

(No Failure to Provide Business Expenses)

24) Plaintiff's claims for penalties and damages arising out of the alleged failure to reimburse Plaintiff for business expenses is barred because her employer

Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
310-229-9900

provided the opportunity to submit claims for reimbursement for business expenses, and Defendants are not liable for damages, or penalties, or otherwise responsible, when Plaintiff voluntarily elected not to submit claims for reimbursement.

**TWENTY-FIFTH DEFENSE**

(No Basis for Class Claims)

25) Plaintiff cannot establish the requirements for certification of a class under California Code of Civil Procedure § 382.

**TWENTY-SIXTH DEFENSE**

(Plaintiff Lacks Standing – As to the Class And Representative Claims)

26) Plaintiff's Complaint, and each cause of action alleged therein, is barred because Plaintiff lacks standing to sue on behalf of persons who were formerly or are currently employed by Clarisonic LLC, Pacific Bioscience Laboratories LLC, L'Oreal USA Products, Inc., L'Oreal USA S/D, Inc., or Defendants; provided that any alleged employment relationship between Defendants and Plaintiff or any class member or representative action member is expressly denied.

**TWENTY-SEVENTH DEFENSE**

(Failure to State Facts Warranting Class Certification and Class Damages or Any Other Representative Action – As to the Class and Representative Claims)

27) Plaintiff's allegations that this action should be certified as a class action or otherwise proceed as a representative action are barred by the failure to allege facts sufficient to warrant class certification and/or an award of class damages, pursuant to California Code of Civil Procedure § 382. Plaintiff likewise failed to set forth any facts supporting any other form of representative action.

**TWENTY-EIGHTH DEFENSE**

(Penalties -- Unjust, Arbitrary, And Oppressive Or Confiscatory)

28) The penalties claimed by Plaintiff in this case are unjust, arbitrary, and oppressive or confiscatory and thus, should be reduced upon any finding of liability on the part of the Defendants.

### TWENTY-NINTH DEFENSE

(Monetary Damages Not Available)

29) To the extent Plaintiff seeks to obtain monetary damages, including attorneys' fees, under the Cause of Action for purported violations of California Business and Professions Code §§ 17200 et seq., the claim is barred in its entirety by these very statutes and other legal authority.

### THIRTIETH DEFENSE

(Improper UCL Representative Action)

30) Plaintiff's Cause of Action for violations of California Business and Professions Code §§ 17200 et seq., is barred under Proposition 64 as an improper representative action to the extent Plaintiff is attempting to bring claims on behalf of others without meeting all class action procedural requirements.

### THIRTY-FIRST DEFENSE

(Safe Harbor Defense)

31) Plaintiff is barred from recovering under the Complaint, and in particular, under the Third Cause of Action alleged therein, in whole or in part, under the "safe harbor defense," which precludes Plaintiff from stating a claim through California Business and Professions Code § 17200 et seq., when such a claim would be barred under other principles of law.

### THIRTY-SECOND DEFENSE

(Action Unconstitutional)

32) Plaintiff's purported claim for violation of California Business and Professions Code § 17200 is barred, under the facts and circumstances of this case, because provisions of § 17200 violate the provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTY- THIRD DEFENSE

(No Willful Conduct)

33) Defendants did not violate any provision of the Labor Code or any agreement, covenant, or contract with Plaintiff willfully or knowingly. A good faith dispute exists as to whether Defendants' alleged conduct violated any such provision, agreement, covenant, or contract. Accordingly, Plaintiff is not entitled to recover any damages or penalty.

## THIRTY- FOURTH DEFENSE

(Indemnification)

34) Defendants allege that they are entitled to total and complete indemnification from other parties named or unnamed herein.

## RESERVATION OF RIGHTS

(Right To Raise Other Defenses)

Defendants reserve the right to and do rely upon such other and further affirmative defenses as may become available during discovery in this action and Defendants reserve the right to amend this Answer to assert any such defenses.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by the Complaint on file herein;
2. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;
3. That Defendants be awarded reasonable attorneys' fees according to proof;
4. That Defendants be awarded the costs of suit incurred herein; and

///
///
///
///

5. That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: April 18, 2016

VENABLE LLP

By: _____
Daniel Hoffer
Robert H. Pepple
Attorneys for Defendants
SOCKET PAYMENT SERVICES, LLC,
MATT WENZLER, SHARYN
RINALDI, and SCOTT GURFEIN

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is Venable, LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On **April 18, 2016**, I served the foregoing document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED UNVERIFIED COMPLAINT** on the interested parties in this action addressed as follows:

Thomas D. Rutledge
Attorney-at-Law
5000 West Harbor Drive, Suite 1113
San Diego, California 92101
Tel: (619)886-7224
Fax: (619)259-5455

☑ **BY ELECTRONIC SERVICE:** I caused the above-stated document(s) to be electronically served through the court's E-File Service Provider, One Legal, addressed to all parties appearing on the One Legal E-Service Recipients list for the above-entitled case. The "One Legal Order Receipt" page(s) will be maintained by our office. I did not receive, within a reasonable time after the E-Service transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 18, 2016**, at Los Angeles, California.

Linda Sepulvado                           *Linda Sepulvado*

10942347-v3

Exhibit E

189